EX PARTE J. H. HOLLYFIELD.

No. 18050. Delivered November 20, 1935.

The opinion states the case.

*F. F. Beadle* and *Chas. A. Keilin,* both of Houston, for applicant.

*Walter E. Boyd,* Assistant City Attorney, of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—On September 13, 1935, this relator presented to one of the members of this court an application for a writ of habeas corpus, setting up that he had been convicted for a violation of an ordinance of the City of Houston, in the corporation court of Houston, and thereafter had been also convicted upon his appeal to the County Court at Law No. 2 of said county, and could carry the appeal no further by reason of the smallness of the fine assessed, but that the ordinance was invalid for various reasons stated. The writ was granted, and the matters at issue have been presented to us.

If we understand the application presented by relator, it rests upon three grounds, and is aimed at the invalidity of an ordinance of the city of Houston passed in March, 1935, creating the department of safety engineering governing the installation, repair and operation of steam boilers and steam generating apparatus, and providing for the appointment of a board to govern said department, and laying down rules and regulations for such board and department.

The first ground of attack upon the ordinance is that it fails to lay down any clear rules or limitations to guide the board referred to in their examination of applicants for license to operate under the provisions of said ordinance. The second point of attack is that the ordinance provides that in computing heating surface in boilers,—reference shall be had to the rules of the A. S. M. E. Code, which of necessity, relator in-

sists, is an attempt to incorporate in said ordinance matters not embraced by any penal law of this State, and which can not be understood from the language of the ordinance or that of any penal law of Texas. The next complaint is that the ordinance requires of any licensee thereunder a license as a steam engineer,—while the ordinance is drawn and intended only to apply to persons placed in charge of and operating steam boilers, it being claimed that such requirement is unnecessary, discriminatory and prohibitive. There is also a complaint of the actual working plan adopted by the board which, if well founded, might be remedied by the appeal provided in the ordinance itself, which complaint we do not consider.

Relator cites no authority under his first proposition, and we see no need for such citation in support of our own conclusion that it would be worse than useless for the State in creating boards of legal examiners, medical examiners, dental boards, barber boards, etc., etc., to attempt to prescribe in detail the kind, character and extent of the examination which should be given applicants before such boards; nor do we see any sufficient reason for holding that an ordinance enacted by the governing body of a city should go into greater detail in the passage of an ordinance creating a board to examine, supervise and have charge of some part of the operations necessary in the management of the affairs of such city.

We approach a discussion of relator's second ground of complaint with some reluctance because of our fear that we do not adequately understand what might be deemed the statement of facts herein,—made up, as we take it, of the facts heard by the learned judge of the County Court at Law before whom the criminal case against relator was tried, supplemented by certain agreed stipulations, signed and here filed by the attorney for relator and Hon. Walter Boyd, Assistant City Attorney of Houston. If, however, we do understand such facts, steam engines of certain kinds are commonly used as auxiliary machinery or appliances in the operation of steam boilers for processing work in connection with laundries, cleaning and pressing establishments, etc., etc., in which cases such steam engines are appurtenant to the boilers. Such being the case, we see nothing unreasonable in a requirement in an ordinance such as the one under consideration,—that an applicant for license to operate a boiler be also required to undergo examination as to his knowledge of steam engines. It seems reasonable that if the board so examining did not extend its questions so as to make necessary a requirement of knowledge

of more intricate steam engines than those referred to, no wrong would result,—and if they went beyond reasonable requirement in such examination, appeal is provided for in the ordinance itself, which would seem to meet such exigency.

It appears from the agreement signed by the parties in this case that the computation of "heating surface," as that expression is used in this ordinance, is a mere matter of the use of a standard rule or tape measure aided by the ordinary rules of arithmetic, and that the reference to the A. S. M. E. Code is but a matter of universal definition, the expression having but one meaning, and being so understood by all text writers and boiler engineers. So concluding, we are of opinion that the relief sought by relator herein should be denied, and he will be accordingly remanded to the custody of the sheriff of Harris county, as under the judgment of the County Court at Law No. 2 under which he was held at the time this writ was granted.

*Relief denied.*